# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE KING, | ) | CASE NO. 1:07 CR 236 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon Clarence King's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #286).

## FACTUAL AND PROCEDURAL HISTORY

On April 24, 2007, a federal Grand Jury returned an indictment against Petitioner Clarence King and nine others. The Petitioner was charged with conspiracy to distribute at least 50, but less than 150 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); 18 U.S.C. § 2 ("Count 1"). On May 21, 2008, pursuant to a written plea agreement, Petitioner pled guilty to Count 1 of the indictment; Counts 12 and 13 were dismissed. On October 23, 2008, Petitioner was sentenced to 168 months imprisonment and three years of supervised release.

October 23, 2008, Petitioner filed an appeal of his convictions and sentence. (ECF #249). The Sixth Circuit denied Petitioner's direct appeal on November 9, 2009, based on the appellate waiver signed by Petitioner as part of his plea agreement. (ECF #262).

## LEGAL STANDARD

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255.

It is well settled that relief under Section 2255 is not available for errors that are not of a constitutional or jurisdictional magnitude, and that could have been reached on direct appeal. *Stone v. Powell*, 428 U.S. 465, 477 (1976). "Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 166 (1982).

## ANALYSIS

Petitioner raises arguments based on an allegation of ineffective assistance of counsel, and he disputes his classification as a "career offender." Specifically, Petitioner claims:

(1) He was denied his Sixth Amendment right to effective assistance of counsel because his attorney had a conflict of interest by representing a co-defendant, Marshay Wilson, who made inculpatory statements against Petitioner in exchange for a sentence reduction.

(2) He was denied his Sixth Amendment right to effective assistance of counsel because the guilty plea he entered was not done so willingly and with full knowledge of the law. He further alleges that his attorney provided him with misinformation and erroneous advice to induce a guilty plea when he was actually innocent of the crime.

(3) He was denied his Sixth Amendment right to effective assistance of counsel because his counsel failed to raise the disparity of the sentences, when other defendants in the case were issued sentences of shorter duration that the Petitioner.

>   (4) The district court errored when it concluded that the Petitioner's prior convictions under O.R.C. §§ 2925.11 and 2925.03 qualified the Petitioner as a career offender under U.S.S.G. § 4b11. Petitioner further alleges that he was denied effective assistance of counsel when this issue was not raised on appeal by Petitioner's attorney.

(ECF #286).

## I. Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that his attorney's performance fell below an objective standard of reasonableness, and this failure prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). When a guilty plea is entered, the second-prong of this standard is modified slightly. Instead of showing prejudice, a Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Judicial scrutiny of counsel's performance must be "highly deferential" and a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (citations omitted). The Sixth Circuit has also recognized the importance of deferring to the professional judgment of defense counsel in the determination of trial related decisions. *See Lewis v. Alexander*, 11 F.3d 1349, 1353-54 (6th Cir. 1993) (holding, "counsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment"). Petitioner's first three arguments allege, through various theories, that he was denied his Sixth Amendment right to effective assistance of counsel.

3

### A. Conflict of Interest

In his first argument Petitioner claims that he was denied effective assistance of counsel, because his attorney had a conflict of interest by concurrently representing Marshay Wilson in a separate, but related case. For a defendant who has entered a guilty plea to successfully assert a claim of ineffective assistance of counsel based on a conflict of interest he must establish: 1.) there was an actual conflict of interest, and 2.) the conflict adversely affected the voluntary nature of the guilty plea entered by the defendant." *Thomas v. Foltz*, 818 F.2d 476, 480 (6th Cir. 1987). "Joint representation of co-defendants does not per se constitute ineffective assistance of counsel due to a conflict of interest." *Id.* at 481.

Here Petitioner does not cite any specific facts which would allow this Court to find that a conflict of interest existed, therefore there is no need reach the second prong of the analysis. Mr. King's basis for his claim is that his counsel also represented Mr. Wilson, and that Mr. Wilson made "inculpatory statements against the petitioner to receive a sentence reduction for cooperation and the petitioner intended to exonerate himself as he intended to proceed to trial." (ECF #286). Petitioner's allegation that Mr. Wilson testified against Mr. King in return for a reduced sentence is unconfirmed by the record, and Mr. King's attorney expressly denies this claim in his affidavit. (ECF #291, Attachment A, p. 2). Petitioner specifically requested that he be represented by attorney Michael J. Goldberg after he was denied his first choice in counsel. According to the affidavit of Petitioner's attorney, Michael J. Goldberg, he explicitly told Mr. King that he initially thought there was a possibility of a conflict of interest between Mr. King, and Mr. Wilson. *Id.* at p. 1. After speaking to Petitioner and Mr. Wilson, Mr. Goldberg determined that there was no conflict of interest in agreeing to represent Petitioner because both

parties "indicated that they know nothing about the activities of each other." *Id.* Contrary to Petitioner's assertions, the only evidence suggests that the two defendants did not know anything about each others activities. There is insufficient evidence to conclude that a conflict of interest existed, and therefore Petitioner's first argument fails.

### B. Guilty Plea Not Entered Into Knowingly and Actual Innocence

In his second argument Petitioner claims that he was denied effective assistance of counsel based on his counsel's advice that he plead guilty to Count 1. Petitioner's main argument is that he, "entered a guilty plea without knowledge or information due to his attorney's ineffectiveness and despite the fact that he was innocent." (ECF #286). A guilty plea is constitutionally valid only to the extent it is "voluntary and intelligent." *Brady v. United States*, 397 U.S. 742, 748 (1970). Petitioner does not allege that he did not understand the charges against him, but instead seems to argue that he pled guilty to Count 1 based on erroneous advice that one of the Petitioner's co-defendants would testify against him in exchange for a sentence reduction, and if he was convicted after a trial he would receive a mandatory life sentence. In order to prevail under the *Strickland* framework, in the context of a guilty plea, a defendant must prove that there is a reasonable probability that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

It is well established that upon review, strategic decisions made by counsel are to be given considerable deference. *Strickland*, 466 U.S. at 690. Here, Petitioner's attorney apparently informed him that he recommended the Petitioner plead guilty to Count 1, based on his analysis of the potential consequences and the evidence available, as well as the belief that by doing so the judge would be more lenient when imposing a sentence. This clearly involved a

strategic analysis by the Attorney. Petitioner was given an option, and he elected to plead guilty; the facts do not indicate that he was coerced or misled by his attorney. Petitioner does not set forth sufficient facts to demonstrate that his guilty plea was not voluntary and intelligent, and therefore his argument fails.

Although Petitioner admitted guilt in open court, in his motion Petitioner also alleges that he is innocent of all charges. (ECF #225 pp. 23-24). Petitioner's actual innocence claim will not be addressed because Petitioner has not set forth adequate facts which would allow the Court to consider this issue. See *Luster v. United States*, 168 F.3d 913 (6th Cir. 1999) (holding in order to prove actual innocence [a petitioner] must show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). Here, Petitioner simply states that he was innocent, and has not set forth any facts which would overcome the strong presumption of guilt created by his plea of guilty to Count 1 of the indictment.

### C. Counsel Failed to Raise Disparity of Sentence on Appeal

In his third argument Petitioner alleges he was denied effective assistance of counsel because his attorney failed to properly raise the issue of disparate sentences between the Petitioner and other similarly situated defendants in this or related cases. One differentiating factor that Petitioner ignores in his argument, and the primary reason for the disparity in sentencing between Petitioner and his co-defendants, is Petitioner's classification as a career offender under Section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."). United States Sentencing Guidelines § 4B1.1 provides for increased sentences for career offenders. A defendant is a career offender if the instant offense is a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions for either a crime

of violence or a controlled substance offense. *Id.*

Contrary to Petitioner's argument that his attorney failed to raise the issue of disparate sentences, Mr. King's attorney filed a motion objecting to a pre-sentence report classifying Petitioner as a career offender and petitioned the court for a downward variance from career offender status so he would be sentenced under standard sentencing guidelines. (ECF #239). In addition, at sentencing Petitioner's attorney argued that although King technically met the statutory standard for classification as a career offender, the Judge should use his discretion and not classify the Petitioner as a career offender. Petitioner's attorney argued for leniency because Petitioner's two prior offenses occurred when he was relatively young and the sentences received by co-defendants in this case, who played a larger role in the offenses, were less than the sentence to be imposed under the sentence guidelines applicable to Mr. King. (ECF #261, pp. 5-10). The trial court judge was unpersuaded by these arguments and therefore classified Petitioner as a career offender.

The sentence imposed by the trial court could not be challenged on appeal by Petitioner's attorney because it was within the range of the advisory guidelines, and as part of his plea agreement Petitioner waived his right to all but limited circumstances for appeal. (ECF #244 pp. 8-9). All of the available evidence suggests that Petitioner's attorney raised this issue, when he was legally entitled to. Because Petitioner's attorney was legally unable to raise this issue on appeal, failure to do so does not give rise to a claim of ineffective assistance of counsel

## II. <u>District Court's Classification of Petitioner as a Career Offender</u>

In Petitioner's final argument he alleges that the court was incorrect in concluding that he was a career offender under U.S.S.G. §4B1.1. Normally this issue would be procedurally barred

from review if it were not raised on direct appeal. However, because Petitioner claims the reason it was not raised was ineffective assistance of counsel, the Court will address this argument. Petitioner bases his argument on *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006). In *Montanez* the Sixth Circuit held that a conviction under the former version of O.R.C.§ 2925.03 was inadequate to constitute a controlled substance offense because, for purposes of the federal career offender statute, the term "controlled substance offense" requires more than mere possession. *Id.* at 488. Former Section 2925.03 merely required that a defendant "possess" a specified amount of a controlled substance; intent to distribute was not an element under the statute, and therefore the former version of ORC 2925.03 did not mirror the federal standard. In *Montanez* the Sixth Circuit concluded that because the statute that the Defendant had been convicted under (O.R.C. 2925.03(A)(4)), and which formed the basis for his two or more prior controlled substance offenses, did not require that criminal intent to distribute be proven beyond a reasonable doubt, convictions under certain subsections of 2925.03 could not qualify as a controlled substance offense. *Id.*

However, unlike the Defendant in *Montanez*, Petitioner was convicted under the new version of O.R.C. 2925.03. This law was revised on July 1, 1996 to require that intent to distribute to be proven beyond a reasonable doubt. Petitioner was indicted for three counts of drug trafficking on March 27, 2003, which was well after the pertinent revisions of the law took place. The current version of O.R.C. Section 2925.03 provides:

> (A) No person shall knowingly do any of the following:
>
> > (1) Sell or offer to sell a controlled substance;
> >
> > (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender

8

> knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person.

It is clear that the current version of the law requires either sale, or intent to distribute, which coincides with the definition of a controlled substance offense under federal law. Because Petitioner was convicted under the current version of 2925.03, his conviction was a controlled substance offense for purposes of the career offender statute. Therefore Petitioner's reliance on *Montanez* is misplaced, and his classification as a career offender was proper.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED. IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: March 18, 2011

9