# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:07 CR 236 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| CLARENCE KING, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Clarence King's Motion to Reduce Sentence Under Section 404 of the First Step Act of 2018. (ECF # 362). The government filed a Response in Opposition to the motion, and Defendant filed a Reply. (ECF #363, 364). The matter is now ready for consideration.

Mr. King was sentenced on October 21, 2008 after pleading guilty to one count of possession with intent to distribute at least 50 but less than 150 grams of cocaine base ("crack"). He took responsibility for 60.1 grams of crack cocaine, as outlined in the factual basis section of the written plea agreement. At sentencing, Mr. King was determined to be a career offender. He also faced enhancements for two prior felony drug convictions, which increased his statutory sentence to mandatory life imprisonment. See 21 U.S.C. § 841(b)(1)(A) & 851 (2003). After all applicable enhancements and adjustments, his total offense level was 30. He had a statutory sentencing range of 20 years to life, and his guideline range was 168-210 months. The Court

sentenced him to 168 months, with three years of supervised release.

On December 21, 2018, the First Step Act of 2018 was signed into law. Section 404 of the Act provides that a court that imposed a sentence for a covered offense may, on motion of the defendant. . . impose a reduced sentence as if sections two and three of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. However, no court shall entertain a motion made under section 404 if the sentence was previously imposed or reduced in accordance with sections two and three of the Fair Sentencing Act, or if prior request made under this section was denied after a complete review on the merits. Reductions are not mandatory, but are left to the discretion of the sentencing judge. See, Pub. L. No. 115-391, Title IV, § 404, Dec. 21, 2018.

Both parties agree that if the Fair Sentencing Act had been in place at the time of Mr. King's original sentencing, his mandatory minimum sentence would have been reduced from life to ten years. They also agree that his maximum sentence would have remained life imprisonment, and he would have been subject to a mandatory eight years of supervised release, rather than ten.[1] The government argues, however, that Mr. King's term of imprisonment should not be reduced because his sentence was based on the guideline range that corresponded to his total offense level and criminal history category, which have not changed, and was not affected by the mandatory minimum in place at the time. The Court agrees with this assessment. Mr. King's sentence is the same sentence that the Court would have imposed regardless of whether the mandatory minimum had been ten years or life at the time of sentencing. The guideline range

---

[1]Although the mandatory term of supervised release at the time was ten years, Mr. King was sentenced to only three years of supervised release.

applicable to his case has not changed. His sentence is justified by a variety of considerations previously set forth in the plea agreement and discussed at Mr. King's original sentencing. Further, the upper end of the statutory maximum applicable to Mr. King's case has not changed. Therefore, no reduction in his term of incarceration is warranted.

Mr. King would be entitled to a reduction in the duration of his supervised release, however, he was already sentenced to a term of supervised release of three years, which falls below the mandatory minimum. Therefore, no further reduction in his term of supervised release is warranted. In its Response to Mr. King's motion, the Government actually seeks an increase in supervised release to bring it up to eight years, which is the new mandatory minimum. The First Step Act was not intended, however, to open the door to the government to increase a defendant's penalty, and the Court declines the invitation to reconsider increasing Mr. King's term of supervised release. For the above reasons, this Court DENIES Mr. King's petition for relief. (#362). All aspects of his original sentence remain intact. IT IS SO ORDERED.


DONALD C. NUGENT
United States District Judge

DATED: May 9, 2019

3